IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF PERCY BREWINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-6016 |
| JOSEPH LOMBARDO, et al. | : | |

**ORDER - MEMORANDUM**

AND NOW, this 15th day of September, 2008, "Defendants' Motion for Summary Judgment" (docket no. 32) is granted as to plaintiff's claim against the City of Philadelphia, and judgment is entered in favor of the City and against plaintiff on Count II (policy, practice and custom ), Count III (wrongful death), and Count IV (survival) of the complaint. Fed R. Civ. P. 56.[1]  The remainder of the motion is denied.

This is a civil rights action, 42 U.S.C. § 1983, in which jurisdiction is federal question. Plaintiff, the Estate of Perry Brewington, deceased, filed a complaint against the City of Philadelphia and police officers Joseph Lombardo and Richard Harner.  It alleges that the "actions or inactions" of the officers in the course of the service of a protection from abuse order on Ramon Mills resulted in his murdering decedent Perry Brewington.  Complaint, ¶¶

---

[1] Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party "is entitled to judgment as a matter of law."  It is necessary to "view the facts in the light most favorable" to the non-moving party" and to "draw all inferences" in that party's favor.  Disabled in Action of Pennsylvania v. SEPTA, – F.3d –, –, 2008 WL 3842937, at *6 (3d Cir, filed Aug. 19, 2008) (citations omitted).

In response to defendants' motion for summary judgment, plaintiff conceded "that it has not produced sufficient evidence to overcome the Defendants' Motion for Summary Judgment on Plaintiff's *Monell* claim against the City of Philadelphia."  Plaintiff's Response (docket no. 33), at 15 n. 6.

13-23.  Defendants have moved for summary judgment on the grounds that plaintiff's death does not constitute a due process violation - the Due Process Clause "is not a guarantee of certain minimal levels of safety and security." DeShaney v. Winnebago Cty., 489 U.S.189, 195 (1989).  Defendants also urge that this case does not fall within the scope of the "state-created danger" exception to the DeShaney rule.  An actionable state-created danger claim occurs where: "(1) 'the harm ultimately caused was foreseeable and fairly direct;' (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the 'plaintiff was a foreseeable victim of the defendant's acts,' or a 'member of a discrete class of persons subjected to the potential harm brought about by the state's actions,' as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Bright v. Westmoreland Cty., 443 F.3d 276, 281 (3d Cir. 2006) (citations omitted).

   Summary judgment must be denied.  The evidence of record produced by plaintiff - primarily the "Temporary Protection From Abuse Order," together with the deposition testimony of the defendant officers and of decedent's family members - establishes that there is a genuine issue of material fact both as to whether the murder was a foreseeable and fairly direct consequence of the officers' actions and as to whether decedent was a foreseeable victim.  The "Temporary Protection From Abuse Order" states: "Defendant [Mills] shall immediately relinquish the following weapons to the Sheriff of Philadelphia County: GUN."

Exhibit "F" to plaintiff's response, p. 41. According to Officer Harner's deposition, he read the PFA before serving it and discussed its contents with Officer Lombardo. Harner deposition testimony, Exhibit "E" to plaintiff's response, p.31. Officer Harner also testifed that "if it [the PFA] said to remove the weapons, I would have removed them, yes." Id., pp. 18-19. Officer Lombardo testified that if a PFA requires relinquishment of a weapon, the serving officer is required to confiscate it. Lombardo deposition testimony, Exhibit "D" to plaintiff's response, pp. 8-12. It is undisputed that the officers did not confiscate Mills' gun at the time they served the PFA.

It is also undisputed that Mills became very angry after receiving the PFA. Decedent's mother testified at her deposition: "Ramone [Mills] started yelling and threatening to kill my son [decedent]. . . . He says, I don't know why you're all doing this to me. Ms. Delores, I swear to [g]od, I'm going to kill your son." Delores Burnett deposition testimony, Exhibit "A" to plaintiff's response, p.22-23. Decedent's sister stated at deposition: "He [Mills] said that if he didn't hurt her, he was going to hurt somebody in her family. He yelled to my mother, Ms. Dolores, you go you can go get Perry, your son. I'll kill him. . . . He swore on his aunt's grave and he was yelling that he didn't have nothing to lose." Krystle Brewington deposition testimony, Exhibit "B" to plaintiff's response, p.20.[2] The defendant officers remained on the scene until after decedent's family left, but did not arrest

---

[2] The officers dispute that any member of decedent's family was directly threatened. Exhibit "E", p. 40; Exhibit "D", pp. 43-45. Additionally, they note that the PFA does not identify anyone except Syeta M. Brewington and her children as persons covered by the PFA. Exhibit "F", p. 41.

Mills. Less than one hour later, Mills shot and killed decedent. Philadelphia Police Department Arrest Report, Exhibit "G" to plaintiff's response.

Viewed in the light most favorable to plaintiff, a genuine issue of material fact is presented as to whether the officers' failure to confiscate Mills' weapon despite the clear language of the PFA, and their alleged disregard of direct threats against decedent rendered the subsequent murder foreseeable, and decedent a foreseeable victim.[3]

BY THE COURT:

 /s/   Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[3] Given the existence of a triable issue as to this element of the claim, it is unnecessary to discuss the others.