IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF PERCY BREWINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-6016 |
| JOSEPH LOMBARDO, et al. | : | |

## MEMORANDUM

Ludwig, J.                                                                                                                                     July 21, 2009

      This is a civil rights action, 42 U.S.C. § 1983. Jurisdiction is federal question. On September 15, 2008, partial summary judgment was entered in favor of the City of Philadelphia. Judgment was denied with respect to plaintiff's state-created danger claim because the evidence of record established a genuine issue of material fact - whether the murder of Perry Brewington was a foreseeable and direct consequence of the defendant officers' admitted failure to remove Ramon Mills' gun, as required by the Protection From Abuse order served upon Mills. An additional issue of fact existed - whether Brewington was a foreseeable victim, based on testimony that Mills threatened him by name in the presence of the defendant officers. Order-Memorandum, docket no. 36.

      Defendants' motion for reconsideration focuses on one of the four elements of the state-created danger claim, specifically, whether defendants' actions constituted an affirmative act. Because there is no evidence that it was, defendants contend that judgment should have been entered in their favor. Defendants' motion must be denied.[1]

---

[1] An actionable state-created danger claim occurs where: "(1) 'the harm ultimately caused was foreseeable and fairly direct;' (2) a state actor acted with a degree of culpability that shocks

In Rivas v. Passic, 365 F.3d 181, 197 (3d Cir. 2004), our Court of Appeals affirmed the denial of summary judgment on similar facts. In Rivas, plaintiffs' decedent had an epileptic seizure and attacked defendant paramedic. When police backup arrived, she did not inform the officers that restraining the decedent might kill him. The officers did restrain him and he died as a result. Id. at 185-88. The appellate court held: "the EMTs' decision to call for police backup and then (1) inform the officers on their arrival that Mr. Rivas had assaulted Rodriguez, (2) not advise the officers about Rivas' medical condition, and (3) abandon control over the situation, when taken together, created an opportunity for harm that would not have otherwise existed." Id. at 197.

Here, the evidence establishes that defendant officers served the protection from abuse order, much as the paramedic in Rivas called for help. They did not, as the PFA order required, remove Mills' gun from his possession, a critical error similar to that of the

---

the conscience; (3) a relationship between the state and the plaintiff existed such that the 'plaintiff was a foreseeable victim of the defendant's acts,' or a 'member of a discrete class of persons subjected to the potential harm brought about by the state's actions,' as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Bright v. Westmoreland Cty., 443 F.3d 276, 281 (3d Cir. 2006) (citations omitted).

The original memorandum explaining the denial of summary judgment considered the first and third elements. Defendant's motion for reconsideration does not refer to the second element, but the record demonstrates an issue of fact - whether the conduct of the officers failing to remove Mills' gun despite the clear directive in the protection from abuse order shocks the conscience. See Miller v. City, 174 F.3d 368, 375-76 (3d Cir. 1999) (conduct of social worker that amounted to grossly negligent or arbitrary conduct would satisfy this element, given the absence of a need to make split-second decisions, as in a high speed chase, where an intent to harm standard would be more appropriate). If so, failure to remove a deadly weapon in the face of threats of violence was, in these circumstances, is at least grossly negligent.

paramedic in <u>Rivas</u>, who failed to inform the officers of Rivas' medical condition. The officers also relinquished control of the situation by leaving without removal of the gun, just as the paramedic gave up control by leaving the scene without telling the officers not to restrain Rivas. The tense family stand-off in this case parallels the confusing and frightening efforts in <u>Rivas</u> to assist plaintiff's decedent without endangering the officers. Here, as there, the evidence is sufficient to establish an issue of material fact as to this element of the claim. The reasoning in <u>Rivas</u> governs this case.

Defendants also move for reconsideration on the basis of qualified immunity, a point not raised in defendant's motion for summary judgment and therefore not properly considered on a motion for reconsideration.

                                  BY THE COURT:

                                  /s/ Edmund V. Ludwig
                                  Edmund V. Ludwig, J.