IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF PERRY
BREWINGTON                           :        CIVIL ACTION

   v.                                :

JOSEPH LOMBARDO, et al.              :        NO.  05-6016

## M E M O R A N D U M   O R D E R

AND NOW, this 29th day of September, 2010, upon consideration of plaintiff's Motion For a New Trial Pursuant to Federal Rules of Civil Procedure 59(a) and 60(b) (the "Motion") (Doc. No. 75), and defendants' response thereto (Doc. No. 76), it is hereby

## O R D E R E D

that the motion is **DENIED**.

Plaintiff relies exclusively on Fed. R. Civ. P. 60(b)(3) in support of the Motion. Rule 60(b)(3) provides that the court may relieve a party from a final judgment for fraud, misrepresentation, or other misconduct of an adverse party.  A motion for relief from a judgment under Rule 60(b) is "addressed to the sound discretion of the trial court."  Wagner v. Pennsylvania R.R. Co., 282 F.2d 392, 397 (3d Cir. 1960).  A party seeking relief under Rule 60(b)(3) on the ground that the opposing party engaged in fraud, misrepresentation, or other misconduct must prove fraud by clear and convincing evidence.  Simons v. Gorsuch, 715 F.2d 1248, 1253 (7th Cir. 1983); Total Containment, Inc. v. Environ Products, Inc., 1996 WL 239877, at *2 (E.D. Pa. May 6, 1996).

Plaintiff has failed to show by clear and convincing evidence that defendants engaged in fraud or misrepresentation.  Plaintiff claims that there are inconsistencies between

defendants' deposition testimony taken during discovery and their testimony at trial. Plaintiff alleges that the officers testified during discovery that if the Protection From Abuse Order ("PFA Order") required the officers to confiscate a weapon from a suspect, they would be required to do so. At trial, the evidence showed that the PFA Order issued in this case only required <u>the defendant</u> to "relinquish the firearm" to the Sheriff of Philadelphia County. There was no explicit order from the court to the police officers to seize the firearm. Accordingly, this court finds that defendants did not make any misrepresentations or commit a fraud upon the court.[1] Therefore, the court cannot disturb the verdict of the jury, and the Motion must be **DENIED**.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[1] Plaintiff presented evidence and argument regarding this alleged inconsistency to the jury. The jury returned a verdict in defendants' favor.